UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORNELIUS LEMONT HINES,

   Plaintiff,

   v.                                                          CAUSE NO. 3:22-CV-986-DRL-MGG

RON NEAL *et al.*,

   Defendants.

OPINION AND ORDER

Cornelius LeMont Hines, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 against three defendants. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hines, who is housed at the Indiana State Prison, suffers from severe epileptic seizures. ECF 5 at 2. He was housed in the disciplinary segregation unit in D-Cell House from March 6, 2022 to June 6, 2022, where he could not get immediate medical care for his seizures because custody officers allegedly made infrequent security checks.[1] On June

---

[1] These claims are being litigated in *Hines v. Neal*, Case No. 3:22-cv-425-DRL-MGG (N.D. Ind. filed May 31, 2022) and *Hines v. Neal*, Case No. 3:22-cv-672-DRL-JEM (N.D. Ind. filed Aug. 18, 2022).

10, 2022, Mr. Hines was moved to the administrative segregation unit in D-Cell House. ECF 5-1 at 12. He asserts he continued to have difficulty getting immediate care for his epilepsy after he was moved to administrative segregation. On December 2, 2022, Mr. Hines was moved to general population. ECF 5-1 at 6.

Mr. Hines initially wrote to Warden Ron Neal about his medical condition and placement in administrative segregation in D-Cell House. ECF 5 at 2. He explained he was having two to three seizures a week, had been sent to the hospital three times, and the custody staff made only three security checks every twelve hours in D-Cell House. *Id.* at 2-3. He asked to be placed in a medical dorm and stated there was no reason for him to be in D-Cell House because his disciplinary segregation time ended on June 6, 2022. *Id.* at 2. However, Warden Neal did not respond to his letter or contact him. *Id.* at 3. He asserts that Warden Neal subjected him to cruel and unusual punishment because he could have moved him out of D-Cell House, but did not do so. *Id.*

Mr. Hines also contacted Unit Team Manager Pamela Bane. *Id.* He filled out Request for Interview forms explaining his medical needs could not be appropriately addressed in D-Cell House. *Id.* at 3-4. Mr. Hines explained he had been housed in D-Cell House for an additional six months after he completed his disciplinary time. *Id.* at 4. However, he asserts that UTM Bane disregarded his safety and well-being because she had the authority to move him out of D-Cell House, but chose not to do so. *Id.* at 3-4.

In this case, Mr. Hines has sued Warden Neal and UTM Bane in their official capacities. A state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie*

2

*O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Rasho v. Jeffrys*, 22 F.4th 703, 712 (7th Cir. 2022) (outlining the limited forms of injunctive relief available in the prison setting). The record in this case indicates that Mr. Hines was moved to general population on December 2, 2022. ECF 5-1 at 6. Mr. Hines's allegations about the problems he had with receiving immediate medical care for his epilepsy while he was housed in the administrative segregation unit in D-Cell House, occurred during a finite period, beginning on June 10, 2022, and ending on December 2, 2022. Without an ongoing constitutional violation, he cannot proceed on a claim for injunctive relief against Warden Neal and UTM Bane in their official capacities. *See Marie O.*, 131 F.3d at 615; *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Additionally, any claim for damages against these two defendants in their official capacities would be barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Mr. Hines has not stated official capacity claims against either Warden Neal or UTM Bane.

Mr. Hines asserts that, at the end of October 2022, when he was not feeling well, he banged on his cell wall and called out to the inmate in the cell next to him. ECF 5 at 4-5. They both went to the front of their cells and called for a medical emergency. *Id.* at 5. Mr. Hines asserts he called out for Sgt. Zepeda, but no one came to assist him. *Id.* He believes he must have then fallen down unconscious because when he opened his eyes, his face was bleeding and his jaw, side, knee, and thigh hurt. *Id.* A few hours later Sgt. Zepeda arrived at his cell and Mr. Hines told him what happened. *Id.* Sgt. Zepeda called

3

for a nurse and told Mr. Hines to fill out a healthcare request form. *Id*. Mr. Hines filed a grievance against Sgt. Zepeda for not coming to his cell sooner because Sgt. Zepeda knew he had seizures and for walking away when he saw blood. *Id*. at 5-6.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Hines has sued Sgt. Zepeda in his official and individual capacities. As to his official capacity claim, without an ongoing constitutional violation, he cannot proceed on a claim for injunctive relief. *See Marie O.*, 131 F.3d at 615; *see also Higgason*, 83 F.3d at 811. Regarding his individual capacity claim, Mr. Hines alleges that, after he told Sgt. Zepeda he had a seizure, Sgt. Zepeda called for a nurse and told him to fill out a healthcare request form. While Mr. Hines asserts it took Sgt. Zepeda too long to respond to his emergency call, he has not alleged facts from which it can be reasonably inferred that Sgt.

Zepeda was deliberately indifferent to his medical needs. Thus, he has not stated claims against Sgt. Zepeda.

This complaint does not state a claim for which relief can be granted. If Mr. Hines believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Cornelius LeMont Hines until **December 15, 2023** to file an amended complaint; and

(2) CAUTIONS Cornelius LeMont Hines that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 28, 2023         *s/ Damon R. Leichty*
                          Judge, United States District Court