UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORNELIUS LEMONT HINES,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-986-DRL-MGG

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Cornelius LeMont Hines, a prisoner without a lawyer, filed an amended complaint against three defendants. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hines's amended complaint alleges essentially the same facts as his previous complaint. *See* ECF 5. Mr. Hines, who is housed at the Indiana State Prison, suffers from severe epileptic seizures. He alleges that, at the end of October 2022, when he was not feeling well, he banged on his cell wall to get assistance from a neighboring inmate. ECF 10 at 2. Both he and the inmate called for a medical emergency. *Id*. Mr. Hines asserts he also yelled out to Sgt. Zepeda with his range and cell numbers so Sgt. Zepeda would

know his location. *Id*. At some point, he believes he became unconscious and fell down because when he opened his eyes, his face had blood on it and his jaw, side, knee, and thigh hurt. *Id*. A few hours later when Sgt. Zepeda arrived on the range, Mr. Hines, who was on his cell floor, called out to tell him what happened. *Id*. Sgt. Zepeda told him to fill out a healthcare request form and, after he completed the form, medical staff saw him several hours later. *Id*. at 2-3. Diagnostic tests were ordered to assess his face, jaw, and knee. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Hines has sued Sgt. Zepeda in his individual capacity. ECF 10 at 4. Though Mr. Hines asserts that it took Sgt. Zepeda too long to respond to his emergency medical call, the court has already explained that it cannot reasonably infer that Sgt. Zepeda was

2

deliberately indifferent to his medical needs based on these facts. *See* ECF 9 at 4-5. At most, Sgt. Zepeda's actions may constitute negligence. Mr. Hines has not stated a claim against Sgt. Zepeda.

To the extent Mr. Hines asserts that Sgt. Zepeda violated prison policy by not calling a signal when he was having a seizure, Section 1983 allows a plaintiff to sue for a violation of his federal rights, not IDOC policies. ECF 10 at 3. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (claim under § 1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of IDOC policy alone cannot form the basis for a constitutional claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Accordingly, even if Sgt. Zepeda had violated prison policy by not calling a signal, this cannot form the basis for a constitutional claim.

Mr. Hines has also sued Warden Ron Neal and UTM Pam Bane in their official capacities. ECF 10 at 4. He alleges they subjected him to cruel and unusual punishment because they had the authority to move him from his restrictive housing units to a medical dorm or general population where he would receive prompt treatment for his seizures. *Id*. But, as already explained (ECF 9 at 2-3), a state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Rasho v. Jeffrys*, 22 F.4th 703, 712 (7th Cir. 2022) (outlining the limited forms of

3

injunctive relief available in the prison setting). The record in this case indicates that Mr. Hines was moved from his restrictive housing unit to general population on December 2, 2022. ECF 5-1 at 6. Though he now says he was not actually moved to general population on December 2, he does not allege he is currently housed in a restrictive housing unit. ECF 10 at 5. Thus, his allegations about the problems he had with receiving prompt medical care while he was in restrictive housing units pertain to past events. Without an ongoing constitutional violation, he cannot proceed on a claim for injunctive relief against Warden Neal and UTM Bane in their official capacities. *See Marie O.*, 131 F.3d at 615; *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred."). Additionally, any claim for damages against these two defendants in their official capacities would be barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Mr. Hines has not stated claims against either Warden Neal or UTM Bane.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here. Mr. Hines has already been granted one opportunity to amend his complaint, and he has not addressed the deficiencies pointed out by the court.

4

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

April 3, 2024                                  *s/ Damon R. Leichty*
                                               Judge, United States District Court